## IRA COTTON v. THE STATE.

### No. 5522.  Decided December 10, 1919.

**Murder—Manslaughter—Companion Case—Practice on Appeal.**

Where the issues presented are passed on in a companion case the same need not be reviewed on appeal in the instant case, and the judgment is reversed and the case remanded.

Appeal from the District Court of Hunt.  Tried below before the Hon. Wm. Pierson, judge.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Neyland & Neyland, Crosby & Harrell, B. B. Sturgeon,* for appellant.

*C. M. Cureton,* Attorney General, *W. J. Townsend,* Assistant Attorney General, *Clark & Sweeton,* for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter and allotted five years in the penitentiary.

This is a companion case to that of Hubert Cotton v. State, this day reversed and remanded. The questions presented in the two cases are, in the main, the same, and in regard to those questions, discussed by Judge Lattimore in the Hubert Cotton case, reference is here made.

There is this difference with reference to the charges. In the Hubert Cotton case the court limited the jury, in his charge on manslaughter, to the consideration of the acts and conduct of the deceased, omitting the acts and conduct of the brother of deceased, and a special charge was asked by the defendant curing that mistake in the charge, which was refused. This has been discussed in the opinion by Judge Lattimore, and the court's charge there was held erroneous, and the charge requested by appellant should have been given. The charge in this case does submit, as a part of the adequate cause, the acts and conduct of the brother as well as the deceased. It is not the intention here to discuss that phase of the case at any length, or the difference between the charges in the two cases. We are of opinion that the Hubert Cotton case decides the question correctly and should be followed by the trial court in his charge on manslaughter in this case upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*